IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**JUAN ENRIQUE CORDOVA AYALA,**
**AKA "BENITO RODRIGUEZ"**

**Defendant.**

**Cr. No.: 2:25-cr-20422-TLP**

FILED IN OPEN COURT
DATE: 4/17/2026
TIME: 10:00 AM
INITIALS: SMC

**PLEA AGREEMENT**

The parties herein, the defendant, Juan Enrique Cordova Ayala (hereinafter, Cordova Ayala), being represented by Taurus Bailey, and the United States being represented by the United States Attorney for the Western District of Tennessee, enter into the following Plea Agreement.

1. Cordova Ayala agrees to:

(a) waive his right to trial by jury and all rights attached thereto;

(b) plead guilty to Counts 1 and 2; Count 1 charges him with false statement to a federal agency in violation of 18 U.S.C. § 1001; Count 2 charges him with aggravated identity theft in violation of 18 U.S.C. § 1028A;

(c) waive his right to appeal any aspect of the sentence imposed if the total sentence of imprisonment imposed is within or below the sentencing guideline range as determined by the Court;

(d) waive any objections based on Fed. R. Evid. 410 to the use of any statements made by him in the course of the plea colloquy in any criminal prosecution;

(e) waive, except with respect to claims of ineffective assistance of counsel or prosecutorial misconduct, his right to challenge the voluntariness of his guilty plea either on direct appeal, or in any collateral attack including, but not limited to, a motion brought pursuant to 28 U.S.C. § 2255;

(f) pay restitution to any identifiable victims who suffered losses as a result of the criminal conduct which is the subject of this plea agreement including uncharged relevant conduct with the understanding that any Court ordered schedule for restitution payments is merely

a minimum payment obligation and does not limit the methods by which the United States may immediately enforce the judgment in full;

(g) pay the $100 mandatory assessment to be imposed as to each count of conviction (total $200.00) pursuant to 18 U.S.C. § 3013 to the United States District Court Clerk following entry of his guilty plea, and to provide counsel for the United States with evidence of payment prior to sentencing;

(h) within twenty-one days of the entry of the plea, return a fully completed and executed Department of Justice Financial Disclosure statement under oath to the United States Attorney's Office ("USAO") and a release authorizing the USAO Financial Litigation Program to obtain Credit Reports

(i) not to engage in any criminal conduct following entry of his guilty plea; and,

(j) that he is pleading guilty freely and voluntarily, after having consulted with counsel, and because he is guilty.

2. The United States agrees:

(a) to recommend that Cordova Ayala receive the maximum applicable reduction for acceptance of responsibility provided that Cordova Ayala complies with all of his obligations under the terms of this plea agreement; proof of any criminal conduct on the part of Cordova Ayala between the time of execution of this agreement and sentencing shall be grounds for the government to withdraw from the agreement or to not recommend the maximum reduction for acceptance of responsibility;

(b) to recommend a sentence at the low end of the guideline range;

(c) to move to dismiss Counts 3 through 5 of the indictment at the time of sentencing if the court accepts this plea agreement.

3. Cordova Ayala acknowledges and understands that:

(a) except with respect to the agreement by the United States to recommend a sentence on the low end of the guideline range, he has not been promised a specific sentence;

(b) any estimate of the probable sentencing range he may have received from counsel, the government, or any other person/s, is a prediction not a promise and is not binding on the Court and that if the Court imposes a sentence greater than he expects, he will not be afforded an opportunity to withdraw his plea;

(c) the maximum possible penalty the Court may impose: as to Count 1 is a term of imprisonment of 5 years, a fine of $ 250,000, 3 years supervised release, and a mandatory assessment of $100.00; as to Count 2 is a mandatory term of imprisonment of 2 years, a fine of $ 250,000, 1 year supervised release, and a mandatory assessment of $100.00.

(d) any recommendations made by the United States under this agreement are not binding on the Court and that if the Court rejects any such recommendations he will not be allowed to withdraw his plea; and,

(e) the United States will be relieved of all obligations and restrictions imposed by the terms of this agreement specifically, the United States will be free to use any prior statements that may have been made by Cordova Ayala against him for any purpose, and will be free to seek the maximum sentence provided by law if:

(1) his plea of guilty is accepted and he later attempts to withdraw his plea for any reason other than the Court's rejection of the plea agreement;

(2) he engages in any new criminal conduct following entry of his guilty plea; or,

(3) he knowingly makes any false statements or testifies falsely at any future proceedings.

(f) Cordova Ayala acknowledges and understands his guilty plea may have consequences with respect to his immigration status if he is not a citizen of the United States. He understands that removal and other immigration consequences are the subject of a separate proceeding. He further understands that no one, including his attorney or the Court, can predict to a certainty the effect of his conviction on his immigration status. Cordova Ayala affirms that he has discussed the consequences of his guilty plea with his defense attorney and that he wants to plead guilty regardless of any immigration consequences that his guilty plea will entail, even if the consequence is his removal from the United States.

4. No threats have been made to induce Cordova Ayala to plead guilty.

5. This Plea Agreement constitutes the entire agreement between the parties.

D. MICHAEL DUNAVANT
United States Attorney

By: [signature] Date 4/17/26
William C. Bateman III
Assistant United States Attorney

Taurus Bailey
Attorney for Defendant

Date 4-17-26

Juan Enrique Cordova Ayala
Defendant

Date 4-17-26